UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

ATLANTIC PLASTIC AND HAND
SURGERY, PA and MICHAEL S.
RISIN, M.D., *as designated
and authorized representative of Patient
Clifford Robinson*; and PATIENT
CLIFFORD ROBINSON, individually,

        Plaintiffs,

v.

ANTHEM BLUE CROSS LIFE AND
HEALTH INSURANCE COMPANY,
*et al.*,

        Defendants.

Civil Action No. 17-4600 (FLW)

**OPINION**

---

**WOLFSON, Chief Judge:**

Having successfully sought dismissal of Plaintiff[1] Clifford Robinson's ("Plaintiff") claims pursuant to Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), which arose from the partial denial of benefits under an employee health insurance benefits plan, Defendant Ashland, LLC ("Ashland") now moves for an award of attorney's fees and costs. For the following reasons, Ashland's Motion is **GRANTED** as to its request for

---

[1] The Court notes that, although Michael S. Risin, M.D. ("Dr. Risin") and Atlantic Plastic & Hand Surgery PA ("Atlantic") (cumulatively, the "Providers") were originally named as plaintiffs in the Complaint, their ERISA claims were dismissed with prejudice, because they were neither a participant nor beneficiary of the plan, and they failed to properly allege derivative standing, as the plan included a valid and enforceable anti-assignment provision. *See Atl. Plastic & Hand Surgery, PA*, No. 17-4600, 2018 U.S. Dist. LEXIS 47181, at *9-19. (D.N.J. March 22, 2018). Accordingly, the term plaintiff, as used herein, shall only refer to Mr. Robinson.

1

attorney's fees and costs, but **DENIED** as to the amount sought. However, on or before October 11, 2019, Ashland shall have an opportunity to provide the appropriate proofs for the purpose of establishing that the hourly rates at which it seeks to recover attorney's fees are reasonable.

I.     **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The underlying facts of this dispute have been set forth in two previous Opinions, which this Court issued on March 22, 2018 and November 30, 2018. *See Atl. Plastic & Hand Surgery, PA v. Anthem Blue Cross Life & Health Ins. Co.*, No. 17-4699, 2018 U.S. Dist. LEXIS 47181 (D.N.J. March 22, 2018); *Robinson v. Anthem Blue Cross Life & Health Ins. Co.*, No. 17-4600, 2018 U.S. Dist. LEXIS 202887 (D.N.J. Nov. 30, 2018). To avoid repetition, I will only provide a brief summary here.

On February 12, 2014, Dr. Risin, the owner of Atlantic, performed a surgical procedure on Plaintiff. Plaintiff is a member of a self-funded ERISA-governed employee health insurance benefits plan (the "Plan"), and the Providers are "non-participating," "out-of-network providers" as defined under the Plan. On June 22, 2017, after the partial denial of a claim resulting in an outstanding balance of $52,259.70, the instant action was filed against Ashland and Anthem Blue Cross Life and Health Insurance Company ("Anthem") (cumulatively, "Defendants"),[2] which sponsored and administered Plaintiff's Plan.

In the original complaint, Plaintiff alleged a wrongful denial of benefits claim pursuant to § 502(a)(1)(B) of ERISA, on the basis of Defendants' failure to compensate the Providers at the "usual and customary charge" for out-of-network services. In addition, Plaintiff pled an independent claim for breach of fiduciary duty within the confines of § 502(a)(1)(B), arising from Defendants' alleged failure to comply with certain procedural requirements under ERISA.

---

[2]     Although the instant action was filed against both Ashland and Anthem, only Ashland moves for an award of attorney's fees and costs.

However, on March 22, 2018, the Court granted Defendants' motion to dismiss. In so ruling, the Court held that Plaintiff did not allege a Plan provision obligating Defendants to provide payment at the alleged rate of compensation, and that, standing alone, the purported fiduciary breaches did not establish a private cause of action under § 502(a)(1)(B). Nonetheless, Plaintiff was provided with leave to amend, for the limited purpose of identifying language requiring Defendants to provide payment at the "usual and customary charge" under the Plan, in support of his § 502(a)(1)(B) claim.

In his amended pleading, Plaintiff realleged the purported fiduciary breaches which were already rejected as a basis for asserting a claim under § 502(a)(1)(B). In addition, he set forth a new theory of liability, unrelated to Defendants' originally pled obligation to provide compensation at the "usual and customary charge." Rather, Plaintiff referenced provisions in the Plan describing the manner by which Defendants were required to calculate the appropriate rate of benefits for the receipt of out-of-network "Emergency Services." However, on November 30, 2018, the First Amended Complaint was, too, dismissed, as Plaintiff neither alleged that Defendants acted in contravention of the referenced provisions, nor did he articulate how those provisions entitled him to additional compensation under the Plan. The Court also reiterated that Plaintiff's continuous references to Defendants' alleged fiduciary functions could not support a cognizable § 502(a)(1)(B) claim. Although Plaintiff was, nonetheless, provided with a second opportunity to amend, he did not file an amended pleading within the permitted timeframe.

In the instant matter, pursuant to section 502(a)(g)(1) of ERISA, Ashland seeks an award of attorney's fees and costs, in the amount of $34,725.29, for having successfully moved to dismiss Plaintiff's complaint on two separate occasions. According to Ashland, a balancing of the *Ursic*

factors, which are applicable when a party moves for attorney's fees and costs within the context of an ERISA action, weigh in favor of granting such an award. Plaintiff opposes Ashland's request.

## II. DISCUSSION

### A. Standard of Review

Section 1132(g)(1) of ERISA provides that "a court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1); *Templin v. Independence Blue Cross*, 785 F.3d 861, 864-65 (3d Cir. 2015). That determination requires a two-pronged analysis, as a court must, first, consider whether a fee applicant is "eligible for such an award." *Templin*, F.3d at 864. While a fee applicant need not be a "prevailing party" to be eligible for an award of attorney's fees and costs in an ERISA action, "some degree of success on the merits" is required. *Id.*, at 865. That condition is met if a "court can fairly call the outcome of the litigation some success on the merits without conducting a length[y] inquiry into the question whether a particular party's success was substantial or occurred on a central issue." *Id.* (internal quotation marks omitted) (quoting *Hardt v. Reliance Std. Life Ins. Co.*, 560 U.S. 242, 254 (2010)). Mere "trivial success on the merits or a purely procedural victory," however, will not suffice for such an award. *Id.*

If the initial inquiry is satisfied, the Third Circuit has instructed that a court must then weigh five factors, including:

> (1) the offending parties' culpability or bad faith; (2) the ability of the offending parties to satisfy an award of attorneys' fees; (3) the deterrent effect of an award of attorneys' fees against the offending parties; (4) the benefit conferred on members of the pension plan as a whole; and (5) the relative merits of the parties' positions.

*Ursic v. Bethlehem Mines*, 719 F.2d 670, 672 (3d Cir. 1983) (citations omitted). Commonly referred to as the *Ursic* factors, no single one is dispositive. *Einhorn v. M.L. Ruberton Constr. Co.*, 720 F. Supp. 2d 639, 642 (D.N.J. 2010). Rather, the *Ursic* factors serve as flexible guidelines,

which must be considered before a court, in an exercise of discretion, grants a fee applicant's request for attorney's fees and costs. *Unisys Corp. Retiree Med. Benefits ERISA Litig. v. Unisys Corp.*, 579 F.3d 220, 239 (3d Cir. 2009). Moreover, such an award may be warranted, even when a fee applicant is unable to satisfy the totality of the *Ursic* factors. *Fields v. Thompson Printing Co.*, 363 F.3d 259, 275 (3d Cir. 2004) (explaining that "the *Ursic* factors are not requirements in the sense that a party must demonstrate all of them in order to warrant an award of attorney's fees . . . .").

**B.    Analysis**

  *i.    Success on the Merits*

Having prevailed on two separate motions to dismiss, the Court finds, and Plaintiff does not dispute, that Ashland has achieved "some degree of success on the merits" in litigating this action. *See, e.g., Lash v. Reliance Std. Life Ins. Co.*, No. 16-235, 2017 U.S. Dist. LEXIS 51029, at *22 (E.D. Pa. Apr. 4, 2017); *Christian v. Honeywell Ret. Benefit Plan*, No. 13-4144, 2014 U.S. Dist. LEXIS 57063, at *10-13 (E.D. Pa. Apr. 24, 2014). Therefore, in considering whether an award of attorney's fees and costs are warranted, the Court proceeds to address the *Ursic* factors, in turn.[3]

  *ii.    Ursic Factors*

---

[3] Citing to this Court's prior Opinion, Plaintiff contends that the instant motion for attorney's fees and costs is improper, on the basis of the following footnote in which Defendants' previous request was denied:"[w]hile Defendants move for attorneys' fees, they have not demonstrated that, in filing this action, Plaintiff acted in bad faith or with a 'willingness to litigate without regard to the substantive merits of its claims.' Accordingly, Defendants are not entitled to such relief *at this time*." *Robinson*, 2018 U.S. Dist. LEXIS 202887, at 12 n.9 (citation omitted) (emphasis added). Plaintiff's position is without merit, as the former request was prematurely filed, and advanced without having addressed the *Ursic* factors. However, for the reasons discussed *infra*, the Court finds that Ashland has now made the requisite showing in support of its request for attorney's fees and costs.

5

As to the first *Ursic* factor, "[a] party is culpable if it is blamable; censurable [or] at fault." *Templin*, F.3d at 868 (internal quotation marks and citation omitted). While "[c]ulpable conduct is reprehensible or wrong," a party's actions "need not involve malice or a guilty purpose" to impose attorney's fees and costs. *Id.* (internal quotation marks and citation omitted). *McPherson v. Employees' Pension Plan of Am. Re-Insurance Co.*, 33 F.3d 253, 256 (3d Cir. 1994) ("A losing party may be culpable, however, without having acted with an ulterior motive"). Rather, pursuing an ERISA claim that "is clearly frivolous on the merits" suffices to support a finding of culpability within the meaning of the first *Ursic* factor. *See Monkelis v. Mobay Chem.*, 827 F.2d 935, 937 (3d Cir. 1987).

Here, Plaintiff has engaged in culpable conduct by filing the instant action against Defendants.[4] As pled originally, Plaintiff's claims under § 502(a)(1)(B) of ERISA arose from Defendants' failure to compensate the Providers at the "usual and customary charge" for out-of-network medical services. Yet, Plaintiff's allegations were completely unsubstantiated. Indeed, Plaintiff failed to allege the existence of a provision in his Plan that imposed such an obligation on Defendants, nor did the original complaint include reasonable grounds from which to conclude that the Providers were entitled to the alleged rate of compensation for out-of-network medical services. Aside from pure speculation, no support was offered for Plaintiff's ERISA claims; even Plaintiff has conceded that he "saw the documentation relating to the plan benefits," for the first time, after Defendants attached them as an exhibit to their initial motion to dismiss. Plaintiff's Opposition Brief ("Pl.'s Opp."), at 2. Based upon his own admissions, therefore, Plaintiff did not

---

[4] As to culpable conduct, the record before the Court is unclear as to who, counsel or his client, made the determination to continue to pursue this litigation after it became evident that the claims asserted in the initial complaint lacked a reasonable basis in fact. While it is likely the decision of counsel, that fact does not weigh into my decision here to award attorney's fees under ERISA's fee shifting statute.

review the provisions of his Plan and the rights to which he was entitled, despite having filed an ERISA claim for benefits.

Nonetheless, in an attempt to justify his conduct, Plaintiff argues that Defendants failed to provide him with a copy of the Plan prior to having initiated the instant action, despite his requests. *Id*., at 2-3. However, Plaintiff's explanation cannot serve as a plausible excuse for his decision to litigate this action. As Plaintiff admits, the Plan was included as an exhibit to Defendants' first motion to dismiss, and, at that time, it should have been evident to Plaintiff that the Providers were not entitled to receive the "usual and customary charge" for out-of-network medical services. Despite that revelation, however, Plaintiff voluntarily continued to pursue this action by filing an amended complaint[5] against Defendants, in which he abandoned his originally pled theory altogether—further evidencing its baselessness—and resorted to manufacturing an entirely new theory of liability which bore no relation to Defendants' obligation to provide compensation at the "usual and customary charge." Instead, Plaintiff alleged an equally unsubstantiated ERISA claim and referenced the same fiduciary breaches which the Court explicitly rejected in a prior Opinion. Thus, based on these circumstances, and Plaintiff's culpable course of conduct throughout this litigation, I find that the first *Ursic* factor weighs in favor of awarding attorney's fees.

As to the second *Ursic* factor, Plaintiff does not dispute his ability to satisfy an award of attorney's fees in favor of Ashland. Instead, Plaintiff has chosen "not to address" this specific factor of the *Ursic* analysis, and the arguments that Ashland has raised within this context, on the

---

[5] Plaintiff was provided with leave to amend for the limited purpose of identifying a provision in his Plan requiring Defendants to pay for out-of-network services in accordance with the "usual and customary charge." Although Plaintiff's amended allegations were ultimately considered, the amended complaint failed to comport with the Court's direction, as Plaintiff was unable to allege the existence of a Plan provision obligating the Defendants to provide compensation at that rate.

basis that it is "inconsequential to the other, more important issues raised in [his] brief." *Id*. at 5. However, despite Plaintiff's efforts to minimize the significance of this factor, because he has provided no evidence from which to conclude that an award of fees would impose a financial hardship, I find that this factor, too, weighs in favor of granting Ashland's fee request. *Monkelis*, 827 F.2d at 937. ("We cannot conclude [the plaintiff] lacks the ability to satisfy the fee award since [the plaintiff] has never argued that he is unable to satisfy" the defendant's fee request.); *Patterson v. Aetna Life Ins. Co.*, No. 15-8156, 2018 U.S. Dist. LEXIS 125891, at *4-5 (D.N.J. July 27, 2018) (holding that the second *Ursic* factor supported granting attorney's fees, because the offending party "did not dispute" its ability to satisfy such an award.).

As to the third *Ursic* factor, the Court must determine whether "it would serve the objectives of ERISA to award counsel fees in an effort to deter conduct of the kind in which [Plaintiff] engaged," even where the offending behavior "falls short of bad faith conduct." *McPherson*, 33 F.3d at 258. Notably, a "deterrent effect will be beneficial upon those who contemplate speculative and duplicative litigation on thinly based grounds." *Monkelis*, 827 F.2d at 937; *Surgical Consultants, P.C. v. Division 1181 A.T.U.N.Y. Welfare Fund*, No. 96-3250, 1999 U.S. Dist. LEXIS 14611, at *9 (E.D.N.Y June 24, 1999).

Here, Plaintiff argues against the deterrent effect of awarding attorney's fees, because, "without any documentation or opportunity to discover the administrative record and the payment methodologies," he was unable to conduct an "inquiry into the merits of" his claims. Pl.'s Opp., at 5-6. However, Plaintiff's contentions are not exclusive to the circumstances of this case, as every litigant who initiates a legal action, including one under ERISA, must proceed without the benefit of discovery. *See Ghaffari v. Wells Fargo Bank NA*, 621 Fed. Appx. 121, 124 (3d Cir. 2015) (explaining that, a plaintiff is not entitled to discovery, unless the allegations, as pled in the

8

complaint, assert a cognizable cause of action). Plaintiff has not cited to any authority or case law from which to conclude that an award of fees may not be entered, in the event that a party does not proceed beyond the dismissal stage of litigation. Significantly, such a proposition would undermine the general purpose of avoiding "speculative and duplicative litigation on thinly based grounds," which Plaintiff has engaged in by filing, and continuing to pursue, the instant action, for the reasons already described. I find that the third *Ursic* factor also weighs in favor of granting Ashland's request for attorney's fees.

The fourth *Ursic* factor "focuses on the communal benefit to all members of plan," and generally supports an award of attorney's fees when "the defendant [is required] to reinterpret the plan's provisions or reinstate benefits for all plan members." *Patterson*, 2018 U.S. Dist. LEXIS 125891, at *5 (internal quotation marks and citation omitted). Conversely, this factor bears less importance when "a meritless ERISA suit" is dismissed in favor of a plan administrator. *Univ. Spine Ctr. v. Horizon Blue Cross Blue Shield of N.J.*, No. 17-193, 2018 U.S. Dist. LEXIS 117217, at *11 (D.N.J. July 12, 2018) (internal quotation marks and citation omitted). Here, because Plaintiff has failed to achieve a successful result in litigating this action, this factor is inapplicable to the Court's analysis on this motion. Accordingly, I find that that the fourth *Ursic* factor is neutral.[6]

As to the fifth *Ursic* factor, the Court must evaluate "the relative merits of the parties' positions." *Ursic*, 719 F.2d at 673. This factor "overlaps with that of the first factor," such that, when an offending party is found to have "behaved culpably, this factor is likely to favor a fee

---

[6] While Ashland argues that "[a]n award of fees would cover the expense covered by Ashland in defending this lawsuit, and in t[urn] would replenish the resources lost by the Plan in defending this lawsuit," this supposed benefit is too indirect, and fails to tilt this factor in support of awarding fees. Defendant's Brief in Support of Attorney's Fees, 12-13. Nonetheless, the Court notes that the remainder of the *Ursic* factors weigh in favor of granting Ashland's request.

award[.]" *Surdi v. Prudential Ins. Co.*, 08-225, No. 2009 U.S. Dist. LEXIS 61191, at *16 (D.N.J. Mar. 3, 2009); *Music v. Prudential Ins. Co. of Am.*, No. 05-1223, 2007 U.S. Dist. LEXIS 77771, at *11 (M.D. Pa. Oct. 19, 2007).

Here, the reasoning in support of Plaintiff's culpable conduct is equally applicable to this factor. The plain language of § 502(a)(1)(B), pursuant to which Plaintiff moved for relief, required him to demonstrate his entitlement to "benefits due under . . . the terms of his plan." 29 U.S.C. § 1132(a)(1)(B). But, Plaintiff filed the instant action on the basis of nothing more than unsupported speculation, having failed to first review the terms of his Plan, or identify a provision therein, which required Defendants to compensate the Providers at the "usual and customary charge." Nonetheless, after his original complaint was dismissed for having failed to allege a cognizable ERISA claim, Plaintiff continued to litigate this action by filing an amended complaint, wherein he also alleged an unsubstantiated theory of liability against Defendants. Indeed, Plaintiff's amended pleading merely referenced, for the first time, the procedures for determining out-of-network benefits, without alleging that Defendants acted in contravention of those procedures. Therefore, because Plaintiff filed unsubstantial ERISA claims, on multiple occasions during the course of this action, I find that the final *Ursic* factor weighs in favor of awarding attorney's fees.

In conclusion, having found that the *Ursic* factors, on balance, are either neutral or weigh in favor of granting Ashland's request for attorney's fees, Ashland is entitled to such an award. Therefore, the Court proceeds to determine whether the requested amount of $34,725.29 in attorney's fees and costs is reasonable, pursuant to an application of the "lodestar" method.[7] *Lindy*

---

[7] I note that district courts within this circuit have consistently applied the lodestar calculation in ascertaining the appropriate amount to award in attorney's fees and costs, in the context of an ERISA action. *See, e.g.*, *Patterson*, 2018 U.S. Dist. LEXIS 125891, at *6; *Chaaban v. Criscito*, No. 08-1567, 2013 U.S. Dist. LEXIS 58051, at *23 (D.N.J. April 3, 2013), *report and recommendation adopted*, No. 08-1567, 2013 U.S. Dist. LEXIS 57300, (D.N.J. Apr. 22, 2013);

10

*Bros. Builders, Inc. of Philadelphia v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161 (3d Cir. 1973).

        *iii.*        *Reasonableness*

"There is a strong presumption that the lodestar is a reasonable fee[,]" although a court may, in an exercise of discretion, "adjust this figure upward or downward when the lodestar is unreasonable." *Dee v. Borough of Dunmore*, 548 Fed. App'x 58, 60 (3d Cir. 2013) (citations omitted). In calculating attorney's fees under the lodestar method, "[t]he most useful starting point . . . is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). As such, the lodestar method comprises two components: the time expended and the rate charged. *Gorini v. AMP, Inc.*, 117 Fed. Appx. 193, 196 (3d Cir. 2004).

An "attorney's reasonable hourly rate is the prevailing rate in a legal market for an attorney of similar experience and skill." *Dee*, 548 Fed. App'x at 62. A court "may not set attorneys' fees based upon a generalized sense of what is customary or proper, but rather must rely upon the record." *Coleman v. Kaye*, 87 F.3d 1491, 1510 (3d Cir. 1996). Moreover, a fee applicant bears the burden of "producing sufficient evidence of what constitutes a reasonable market rate for the essential character and complexity of the legal services rendered in order to make out a prima facie case." *Smith v. Philadelphia Hous. Auth.*, 107 F.3d 223, 225 (3d Cir. 1997); *Castro v. McCarthy & Jennerich*, No. 11-1832, 2013 U.S. Dist. LEXIS 11989, at *6-7 (D.N.J. Jan. 10, 2013) ("The prevailing party bears the burden of proving, through competent evidence, the reasonableness of

---

*Howley v. Mellon Fin. Corp.*, No. 06-5991, 2011 U.S. Dist. LEXIS 69528, at *12 (D.N.J. June 27, 2011); *Schoonejongen v. Curtiss-Wright Corp.*, No. 84-4542, at *2 (D.N.J. Aug. 6, 1993); *Plan Adm'r v. Kienast*, No. 06-1529, 2008 U.S. Dist. LEXIS 37236, at *9 (W.D. Pa. May 2, 2008); *Harley v. Unisys Corp.*, No. 03-3924, 2008 U.S. Dist. LEXIS 49549, at *31 (E.D. Pa. June 26, 2008).

11

the hours worked and rates claimed."); *Connor v. Sedgwick Claims Mgmt. Servs.*, No. 09-1140, 2012 U.S. Dist. LEXIS 178474, at *8 (D.N.J. Dec. 18, 2012) ("The party requesting attorneys' fees has the burden of proving that its request is reasonable.") (citing *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990)).

Specifically, a fee applicant's burden "is normally addressed by submitting affidavits of other attorneys in the relevant legal community attesting to the range of prevailing rates charged by attorneys with similar skill and experience." *S.D. Manville Bd. Of Educ.*, 989 F. Supp. 649, 656 (D.N.J. 1998); *Apple Corps. v. International Collectors Soc'y*, 25 F. Supp. 2d 480, 492 (D.N.J. 1998) ("The fee applicant's burden may be satisfied by the submission of affidavits of non-party attorneys with personal knowledge of the hourly rates customarily charged in the relevant community.") (citing *Washington v. Philadelphia County Court of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir. 1996)); *Renna v. County of Union*, No. 11-3328, 2015 U.S. Dist. LEXIS 1370, at *23 (D.N.J. Jan 7. 2015). If met, the burden then shifts to the opposing party "to challenge the attorney's hours, hourly rate, and the reasonableness of the product of those numbers." *Dee*, 548 Fed. App'x at 60.

Here, Ashland, who was represented by Thompson and Hine, LLP ("Thompson and Hine"), a New York firm, seeks to be reimbursed for attorney's fees at the following hourly rates: (1) $885 in 2017, $925 in 2018, and $950 in 2019 for Barry Kazan, Esq., a partner; (2) $655 in 2017 and $680 in 2018 for Jack Fuchs, Esq., a partner; (3) $500 in 2017 and $520 in 2018 for David Whaley, Esq., a partner; (4) $295 for Melanie Lazor, Esq., an associate; (5) $295 in 2017 and $305 in 2018 for Dwayne Lunde, a paralegal; and (6) $290 in 2017 and $300 in 2018 for Christopher Roberts, a paralegal. Declaration of Barry M. Kazan, Esq., ("Kazan Dec.,") (dated March 4, 2019), ¶¶ 9-10. However, although Ashland maintains that these requested hourly rates

are appropriate, I disagree, as it has not sufficiently demonstrated their reasonableness on this motion.

In support of the requested rates, Ashland submits a certification from its attorney, Mr. Kazan, wherein he generally states, "[b]ased on [my] experience, [the requested sum] is fair and reasonable under the circumstances." *Id.*, at ¶ 13. Mr. Kazan's certification, with nothing more, is insufficient to satisfy its initial burden of demonstrating that the requested rates are reasonable. Indeed, Ashland cannot "rest on [its] *own* affidavits to support a . . . claim of reasonable fees[.]" *Chaaban*, 2013 U.S. Dist. LEXIS 58051, at *25 (emphasis added). Rather, to succeed on this motion, Ashland must establish that the requested rates compare "with those prevailing in the community for similar services" by providing additional affidavits, from non-party "lawyers of reasonably comparable skill, experience, and reputation," who practice within the forum "in which the litigation is lodged," *i.e.,* central New Jersey. *Apple Corps.*, 25 F. Supp. at 485 (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11, (1984)).[8] However, aside from its own self-serving certification, Ashland has failed to provide these required proofs. Therefore, based upon these deficiencies, I find that Ashland has not satisfied its initial burden of demonstrating that the requested hourly rates are reasonable.

Next, the Court must determine the reasonableness of hours expended. Kazan Dec., ¶ 12. Exhibit 1. In considering an applicant's request for fees, "hours that were not reasonably expended," including those which are "excessive, redundant or otherwise unnecessary," must be

---

[8] Contrary to Ashland's contentions, Plaintiff was not required to provide "the prevailing hourly rate for attorney's in this market," or demonstrate "how Ashland's fees exceed those in this market in similar cases" on this motion. Defendant's Reply Brief, at 9. Indeed, as stated, Ashland bears the initial burden of demonstrating that their requested hourly rates are reasonable, as opposed to Plaintiff.

excluded from the calculation of the lodestar, but only if the opposing party raises a specific objection that is sufficient to provide "the fee applicant with notice of the contested portions of the claimed fee." *Butler v. Frett*, No. 99-4367, 2006 U.S. Dist. LEXIS 44468, at *22 (D.N.J. June 29, 2006) (citing *Rode*, 892 F.2d at 1183); *Blakey v. Continental Airlines*, 2 F. Supp. 2d 598, 602 (D.N.J. 1998) ("[T]he party challenging the fee petition must make specific objections to the requested fee."). In the absence of a specific objection, the Third Circuit has instructed that a court "may not *sua sponte* reduce a fee award from the amount requested in the fee petition." *Freid v. Nat'l Action Fin. Servs.*, No. 10-2870, 2011 U.S. Dist. LEXIS 149668, at *28 n.7 (D.N.J. Dec. 29. 2011) (citing *Bell v. United Princeton Properties, Inc.*, 884 F.2d 713 (3d Cir. 1989)).

Here, Ashland requests to be reimbursed for a total of 64.30 hours in legal time, which it supports through an itemized billing statement that describes the nature of legal tasks performed, and the amount of time spent to complete them.[9] In a single paragraph that is devoid of case law or specificity, Plaintiff raises a generalized objection to Ashland's billing statement, and he contends that it sets forth an excessive amount of total hours, in light of the parties' limited motion practice. However, Plaintiff's contentions lack the requisite level of specificity to warrant a reduction in fees. In addition to the fact that Plaintiff oversimplifies the events which transpired during the course of this action, he fails to reference a single legal task that Ashland supposedly over-billed. Nor does he specify the amount of hours which he seeks to deduct from Ashland's fee application on the basis of excessive billing entries. Rather, Plaintiff presents nothing more than vague and unspecified assertions that are insufficient to challenge Ashland's total billable hours.

---

[9] Plaintiff erroneously argues that Ashland's fee application fails to comport with New Jersey Rule of Professional Conduct 1.5(a). Indeed, Local Civil Rule 54.2 is controlling on this motion, *see* L. Civ. R. 54.2(a), and Ashland's billing logs adhere to the requirements set forth therein.

*See, e.g.*, *Chaaban*, 2013 U.S. Dist. LEXIS 58051, at *43-44 (finding that "the Court may not award less in fees than requested by the petitioner," where the party opposing the application for fees "only raise[d] generalized conclusory objections" to hours expended) (citing *United States v. Eleven Vehicles*, 200 F.3d 203, 211 (3d Cir. 2000)); *Bayer CropScience AG v. Dow AgroSciences LLC*, No. 12-245, 2015 U.S. Dist. LEXIS 5880, at *24 (D. Del. Jan 5. 2015) (declining to "award less in fees than requested by the fee petitioner[,]" because the challenging party merely advanced "generalized conclusory objections.").

Plaintiff's remaining objections to Ashland's billing statement must fail for these same reasons. Indeed, in a conclusory fashion, Plaintiff contends that Ashland's billing entries are "duplicative," "clerical," and "without clear description," but he fails to identify a specific portion of the claimed fee, or a particular legal task, which amounts to these purported deficiencies. Pl.'s Op. at 6. Therefore, without having raised an appropriate objection, these grounds, too, cannot warrant a reduction in fees. Nonetheless, while the Court does not possess an independent obligation to review Ashland's billing logs without an appropriate objection, I find that Ashland expended a reasonable amount of hours on this action. Indeed, 64.30 hours in time spent over the course of a two-year litigation is not excessive, as the parties engaged in multiple rounds of dispositive motion practice to address Plaintiff's changing theories of liability. *Bell*, 884 F.2d at 721 (explaining that, in considering the reasonableness of a request for attorney's fees, a district court may rely upon "its own experience with the case and its general experience as to how much time a case requires."); *United States ex rel. Palmer v. C&D Techs., Inc.*, 897 F.3d 128, 137-38 (3d Cir. 2018).

In sum, although the hours expended on this action are reasonable, Ashland has not appropriately supported the rate at which it seeks an award of attorney's fees. Nevertheless,

15

Ashland shall have an opportunity to file the appropriate proofs in support of its request on or before October 11, 2019, including certifications from attorneys of a similar position and experience who practice in a similar market, *i.e.*, central New Jersey. Plaintiff may oppose Ashland's submission by October 21, 2019.

## III. CONCLUSION

For the foregoing reasons, Ashland's Motion is **GRANTED** as to its request for attorney's fees and costs, but **DENIED** as to the requested amount of $34,725.29. Ashland is given leave, by October 11, 2019, to submit additional proofs for the purpose of establishing that the hourly rates at which it seeks to recover attorney's fees are reasonable. Plaintiff may respond to Ashland's submission by October 21, 2019.

/s/ Freda L. Wolfson
Freda L. Wolfson
U.S. Chief District Judge